■ Gus Lazides, Respondent, v P & G Enterprises et al., Appellants. [871 NYS2d 357]—

In a consolidated action, inter alia, for a judgment declaring that a deed dated August 31, 1993, transferring certain real property from the defendant P & G Enterprises to the defendant Peter Kouzounas, is null and void, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Partnow, J.), dated September

26, 2007, as, after a nonjury trial, declared the deed to be null and void, restored the subject property to the defendant P & G Enterprises nunc pro tunc as of August 31, 1993, declared that the plaintiff and the defendant Peter Kouzounas are currently equal partners in the defendant P & G Enterprises, declared that the deed is a mortgage lien securing a certain debt due and owing to the defendant Peter Kouzounas from the plaintiff, and declared that the plaintiff is entitled to an equitable right of redemption with respect to that debt.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and it is declared that the subject deed is valid, that the plaintiff does not own one half of the subject property as an equal partner in P & G Enterprises, that the deed is not a mortgage lien securing a certain debt due and owing to the defendant Peter Kouzounas from the plaintiff, and that the plaintiff is not entitled to an equitable right of redemption with respect to that debt.

The plaintiff Gus Lazides and the defendant Peter Kouzounas were co-equal partners in the defendant P & G Enterprises (hereinafter P & G), which they formed by written partnership agreement in 1989 for the sole purpose of purchasing two parcels of property in Brooklyn in the name of the partnership (hereinafter the property). Around the same time, Lazides signed a lease and rider whereby he agreed to rent certain other property from Kouzounas. The rider provided that if Lazides failed to pay certain sums of money when due, Lazides's one-half interest in the property purchased through P & G would be assigned and transferred to Kouzounas. Lazides breached his obligations under the lease and rider and in 1991 Kouzounas commenced an action in Supreme Court, Queens County (hereinafter the 1991 Action), seeking money damages and a judgment declaring him owner of Lazides's one-half interest in the property. A default judgment dated July 12, 1993 was issued against Lazides and in Kouzounas's favor, in the principal sum of $24,000, which was never vacated. Moreover, in accordance with the Supreme Court's ruling during the inquest held in connection with the 1991 Action, Lazides's one-half interest in the property was conveyed to Kouzounas from P & G by deed dated August 31, 1993 (hereinafter the deed). In 2001 Lazides commenced an action (hereinafter Action No. 1) seeking monetary damages as well as an accounting with respect to the partnership. Then, in 2002, Lazides commenced another action (hereinafter Action No. 2), inter alia, for a judgment declaring the deed null and void pursuant to Real Property and Proceedings Law article 15 and Real Property Law § 320. In 2003, Lazides com-

menced a third action (hereafter Action No. 3), seeking similar relief as in Action No. 2. In Action No. 3 Lazides sought, inter alia, a judgment declaring that the deed is null and void, that he owns one half of the subject property as a current equal partner in P & G, that the deed is a mortgage lien securing the debt due and owing to Kouzounas under the lease and rider, and that he is entitled to an equitable right of redemption with respect to that debt. By order dated May 8, 2003, the Supreme Court, inter alia, granted the cross motion of Kouzounas and P & G to dismiss the complaint in Action No. 2. This Court later affirmed that order insofar as appealed from (see *Lazides v Kouzounas*, 7 AD3d 676 [2004]). By order dated May 28, 2004, Action No. 1 and Action No. 3 were consolidated and later tried before the Supreme Court at a bench trial. At the end of the trial, the trial court, inter alia, rejected Kouzounas's argument that the claims in the complaint from Action No. 3 must be dismissed on the ground that they were barred under the doctrine of res judicata because the same claims raised therein, namely, the authority to transfer Lazides's one-half interest in the property, were raised and decided against him in the 1991 Action. The trial court determined that the doctrine of res judicata did not apply because Lazides did not litigate the claims asserted in the 1991 Action due to his default.

On appeal, Kouzounas contends that the trial court's ruling with respect to res judicata was erroneous. We agree and reverse the judgment insofar as appealed from.

Pursuant to the doctrine of res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action (see *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *Matter of Field Home-Holy Comforter v DeBuono*, 238 AD2d 589 [1997]; cf. *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (see *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Thus, res judicata applies "to an order or judgment taken by default which has not been vacated, as well as to issues which were or could have been raised in the prior [action]" (*Matter of Eagle Ins. Co. v Facey*, 272 AD2d 399, 400 [2000]; see *Matter of Allstate Ins. Co. v Williams*, 29 AD3d 688 [2006]). Since Lazides could have challenged Kouzounas's authority to transfer his one-half interest in the subject property in the context of the 1991 Action, the doctrine of res judicata bars the claims asserted in the complaint in Action No.

3, which were based on his challenge to the propriety of the property transfer (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d at 485; *Matter of Eagle Ins. Co. v Facey*, 272 AD2d at 400).

In light of our determination, we need not reach the defendants' remaining contentions. Mastro, J.P., Miller, Balkin and McCarthy, JJ., concur.