OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, with $10 costs, and defendant’s motion for summary judgment dismissing the complaint is granted.
EBM Medical Health Care, PC. commenced this action to recover assigned first-party no-fault benefits for medical services provided to its assignor as a result of injuries sustained in an automobile accident. While this no-fault action was pending, Republic Western Insurance commenced a declaratory judgment action in Supreme Court, New York County, against EBM, alleging that EBM was not properly licensed under Business *3 Corporation Law §§ 1507 and 1508 and Education Law § 6507 (4) (c), and therefore was not eligible to recover no-fault benefits. A judgment was entered, on default, in the declaratory judgment action, declaring “that EBM Medical Health Care, EC. is not properly licensed under Business Corporation Law 1507 and 1508 and Education Law 6507 (4) (c)” and that Republic had no duty to pay no-fault benefits to EBM “arising out of any current or future proceeding.” After the judgment in the declaratory judgment action had been entered, Republic moved in this no-fault action for summary judgment dismissing EBM’s complaint, contending that this action was barred by virtue of the declaratory judgment. The Civil Court denied Republic’s motion, finding, among other things, that Republic had not established that the term “current” proceeding, as used in the declaratory judgment, applied to the instant action.
Based upon the declaratory judgment, the instant action is barred under the doctrine of res judicata (see Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; SZ Med., P.C. v Erie Ins. Co., 24 Misc 3d 126[A], 2009 NY Slip Op 51221[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). To hold otherwise could result in a judgment in the instant action which would destroy or impair rights established by the judgment of the Supreme Court in the declaratory judgment action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). Contrary to EBM’s contention, the declaratory judgment is a conclusive final determination, notwithstanding that it was entered on default, since res judicata applies to a judgment taken by default which has not been vacated (see Lazides v P & G Enters., 58 AD3d 607 [2009]; Matter of Allstate Ins. Co. v Williams, 29 AD3d 688 [2006]; Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]). The instant no-fault action was pending at the time the declaratory judgment was entered, and therefore, pursuant to the unambiguous language used in the judgment, this action falls within the ambit of the declaratory judgment as a “current” proceeding. Accordingly, the order of the Civil Court is reversed and Republic’s motion for summary judgment dismissing the complaint is granted.
Weston, J.E, Rios and Solomon, JJ., concur.