Pierre Jean Jacques Renelique as Assignee of BALGOBIN MANOO, Appellant, 
against
State-Wide Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered September 3, 2013. The order, upon, in effect, treating defendant's motion to dismiss the complaint as one for summary judgment dismissing the complaint, granted the motion.




ORDERED that the order is affirmed, with $25 costs.
In May 2012, plaintiff commenced this action to recover assigned first-party no-fault benefits for services rendered to its assignor, who had allegedly sustained injuries in a motor vehicle accident which had occurred on November 14, 2011. Issue was joined in July 2012. Subsequently, defendant moved to dismiss the complaint, pursuant to CPLR 3211 (a) (5), contending that plaintiff's cause of action was barred by virtue of an order entered on July 8, 2013 in a Supreme Court declaratory judgment action. The Supreme Court order, entered on default, declared that plaintiff herein and its assignor had no right to be reimbursed for services rendered to the assignor and that defendant herein had no obligation to provide coverage for no-fault claims with respect to the accident in question. Plaintiff appeals from an order of the Civil Court which granted defendant's motion.
At the outset, we note that although defendant's motion was denominated as one to dismiss the complaint pursuant to CPLR 3211 (a) (5), it was made after issue was joined (see generally CPLR 3211 [e]). In these circumstances, the CPLR requires the court to give "adequate notice to the parties" that it will treat defendant's motion to dismiss as one for summary judgment (CPLR 3211 [c]). Here, however, an exception to the notice requirement was applicable, since defendant's motion exclusively involved "a purely legal question rather than any issues of fact" (Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1987]). Consequently, it was proper for the Civil Court to, in effect, treat defendant's motion to dismiss as one for summary judgment "without first giving notice of its intention to do so" (Four Seasons Hotels, 127 AD2d at 320.)
In light of the July 8, 2013 Supreme Court order, the present action is barred under the doctrine of res judicata (see Flushing Traditional Acupuncture P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d, 11th & 13th Jud Dists 2012]; Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d, 11th & 13th Jud Dists 2012]), as any judgment in favor of plaintiff in this action would destroy or impair rights or interests established by the Supreme Court order (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; SZ Med., P.C. v Erie Ins. Co., 24 Misc 3d 126[A], 2009 NY Slip Op 51221[U] [App Term, 2d, 11th & 13th Jud Dists 2009]). Moreover, the Supreme Court's order is a conclusive final [*2]determination, notwithstanding that it was entered on default (see Lazides v P & G Enters., 58 AD3d 607 [2009]; Matter of Allstate Ins. Co. v Williams, 29 AD3d 658, 690 [2006]; Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]; Vital Meridian Acupuncture, P.C. v Republic W. Ins. Co., 46 Misc 3d 147[A], 2015 NY Slip Op 50222[U] [App Term, 2d, 11th & 13th Jud Dists 2015]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1; Ava Acupuncture, P.C. v N Y Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U]).
Plaintiff's remaining contentions are not properly before this court, as they were raised for the first time on appeal.
Accordingly, the order is affirmed.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 20, 2016