IMA Acupuncture, P.C., as Assignee of CHARLIE CAMPBELL, Respondent,
against
Hertz Co., Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered April 2, 2014, deemed from a judgment of the same court entered April 10, 2014 (see CPLR 5512 [a]). The judgment, entered pursuant to the April 2, 2014 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $3,414.54.




ORDERED that the judgment is reversed, with $30 costs, the order entered April 2, 2014 is vacated, plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint and opposed plaintiff's motion for summary judgment on the ground that plaintiff had breached the terms of the insurance policy by failing to appear at duly scheduled examinations under oath. After plaintiff submitted opposition to defendant's cross motion, defendant's attorney asserted, in a reply affirmation, that plaintiff's action is barred by the doctrine of res judicata, in that, since making its cross motion, defendant had been awarded a declaratory judgment entered on default in Supreme Court, New York County, which found that defendant had no duty to pay any no-fault claims to plaintiff (among others) with respect to the motor vehicle accident at issue. By order entered April 2, 2014, the Civil Court granted plaintiff's motion and denied defendant's cross motion. Defendant's appeal from the April 2, 2014 order is deemed to be from the judgment entered pursuant thereto on April 10, 2014 (see CPLR 5512 [a]), which awarded plaintiff the principal sum of $3,414.54.
At the outset, we note that, contrary to plaintiff's argument on appeal, defendant could not have raised the affirmative defense of res judicata in its answer, as the declaratory judgment action had not yet been filed at the time defendant answered the instant complaint. Similarly, the judgment in the declaratory judgment action was not rendered until after defendant had made its cross motion for summary judgment in this case. Thus, as defendant argues, it could not have sought summary judgment dismissing the complaint based on res judicata initially.
In any event, this court may take judicial notice of undisputed court records and files, including the judgment in the Supreme Court declaratory judgment action (see Renelique v State-Wide Ins. Co., ___ Misc 3d ___, 2016 NY Slip Op 50096[U] App Term, 2d Dept, 2d, 11th & [*2]13th Jud Dists 2016]; see also Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]; Matter of Khatibi v Weill, 8 AD3d 485 [2004]; Matter of Allen v Strough, 301 AD2d 11 [2002]). In light of the Supreme Court's declaratory judgment, defendant's cross motion to dismiss should have been granted under the doctrine of res judicata (see Renelique, ___ Misc 3d ___, 2016 NY Slip Op 50096[U]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; SZ Med., P.C. v Erie Ins. Co., 24 Misc 3d 126[A], 2009 NY Slip Op 51221[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]), as any judgment in favor of plaintiff in this action would destroy or impair rights or interests established by the Supreme Court's declaratory judgment (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; SZ Med., P.C., 24 Misc 3d 126[A], 2009 NY Slip Op 51221[U]).
Accordingly, the judgment is reversed, the order entered April 2, 2014 is vacated, plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment dismissing the complaint is granted.
Pesce, P.J., Weston and Solomon, JJ., concur.
Decision Date: March 01, 2016