J.K.M. Medical Care, P.C., as Assignee of LEAH LABAN-GOMEZ, Respondent, 
against
Liberty Mutual Fire Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered September 3, 2014. The order denied defendant's motion for summary judgment dismissing the complaint based on the unpleaded defense of res judicata and granted plaintiff's cross motion for summary judgment.




ORDERED that the order is reversed, with $30 costs, defendant's answer is deemed amended to assert the affirmative defense of res judicata, defendant's motion for summary judgment dismissing the complaint on that ground is granted, and plaintiff's cross motion for summary judgment is denied. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the action is barred by virtue of res judicata. Defendant showed that it had been awarded a declaratory judgment on default in the Supreme Court, Bronx County, which judgment declared that defendant has no obligation to pay assigned first-party no-fault claims to plaintiff, among others, with respect to the motor vehicle accident at issue, due to the failure of plaintiff's assignor to appear for duly scheduled examinations under oath. Plaintiff opposed the motion and cross-moved for summary judgment. By order entered September 3, 2014, the Civil Court denied defendant's motion and granted plaintiff's cross motion.
The rule is that "an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party" (Sullivan v American Airlines, Inc., 80 AD3d 600, 602 [2011]). Here, defendant failed to include res judicata as an affirmative defense in its answer, or to move to dismiss the complaint on that ground pursuant to CPLR 3211 (a) (5) prior to serving its answer. Its remedy then was to move pursuant to CPLR 3025 (b) for leave to amend its answer in order to include that defense. Defendant never explicitly so moved and instead moved for summary judgment based on res judicata and also sought "such other and further relief as [the Civil Court] may deem just and proper." As plaintiff, in opposition to defendant's motion, failed to allege any prejudice (see Barrett v Kasco Constr. Co., 84 AD2d 555, 556 [1981], affd 56 NY2d 830 [1982]) or surprise (see CPLR 3018 [b]; Rogoff v San Juan Racing Assn., 54 NY2d 883, 885 [1981]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]) resulting from defendant's seeking summary judgment based on that unpleaded [*2]affirmative defense, under the circumstances, and in the interest of justice, we deem defendant's answer amended to include the affirmative defense of res judicata (see Barrett, 84 AD2d at 556, affd 56 NY2d 830) and, in light of the Supreme Court's declaratory judgment, we grant defendant's motion for summary judgment on that ground (see EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), as any judgment in favor of plaintiff in this action would destroy or impair rights or interests established by the judgment in the declaratory judgment action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C., 38 Misc 3d 1). 
Accordingly, the order is reversed, defendant's answer is deemed amended to assert the affirmative defense of res judicata, defendant's motion for summary judgment dismissing the complaint on that ground is granted and plaintiff's cross motion for summary judgment is denied.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: July 07, 2016