Atlantic Chiropractic, P.C., as Assignee of CHRISTIAN MOE, Respondent, 
against
Liberty Mutual Fire Insurance Co., Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered September 3, 2014, deemed from a judgment of the same court entered October 7, 2014 (see CPLR 5512 [a]). The judgment, entered pursuant to the September 3, 2014 order denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment, awarded plaintiff the principal sum of $1,800.




ORDERED that the judgment is reversed, with $30 costs, the order entered September 3, 2014 is vacated, defendant's motion for summary judgment dismissing the complaint is granted, and plaintiff's cross motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the action is barred by virtue of res judicata. Defendant stated that it had been awarded a declaratory judgment on default in the Supreme Court, Bronx County, which judgment declared that defendant has no obligation to pay assigned first-party no-fault claims to plaintiff, among others, with respect to the motor vehicle accident at issue due to the failure of plaintiff's assignor to appear for duly scheduled examinations under oath (EUOs). Plaintiff cross-moved for summary judgment. By order entered September 3, 2014, the Civil Court denied defendant's motion and granted plaintiff's cross motion. Defendant's appeal from the September 3, 2014 order is deemed to be from the judgment entered pursuant thereto on October 7, 2014 (see CPLR 5512 [a]).
The Supreme Court judgment declared that the failure of plaintiff's assignor to appear for duly scheduled EUOs constituted a material breach of a condition to coverage and that, as a result, defendant is not obligated to pay first-party no-fault benefits related to the subject accident. The Civil Court denied defendant's motion on the ground that the default declaratory judgment in the Supreme Court action had not been entered by the Bronx County Clerk and served with notice of entry. However, contrary to the determination of the Civil Court, defendant's moving papers established that the judgment had been entered on May 21, 2013. Moreover, defendant's failure to serve the Supreme Court's judgment with notice of entry is not fatal in view of the binding and conclusive effect of the declaratory judgment (see Great Health Care Chiropractic, P.C. v American Tr. Ins. Co., 44 Misc 3d 143[A], 2014 NY Slip Op 51324[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; All Boro Psychological Servs., P.C. v Travelers Prop. Cas. Co. of Am., 44 Misc 3d 48 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [*2]2014]). Consequently, in light of the Supreme Court's declaratory judgment, defendant's motion for summary judgment should have been granted based on res judicata (see EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), as any judgment in favor of plaintiff in this action would destroy or impair rights or interests established by the judgment in the declaratory judgment action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C., 38 Misc 3d 1). 
Accordingly, the judgment is reversed, the order entered September 3, 2014 is vacated, defendant's motion for summary judgment dismissing the complaint is granted, and plaintiff's cross motion for summary judgment is denied. 
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: July 07, 2016