Metro Health Products, Inc., as Assignee of ARTHUR LOUIS, Appellant, 
against
Nationwide Ins., Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered September 8, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action on January 12, 2012 to recover first-party no-fault benefits for medical supplies provided to its assignor, who allegedly sustained injuries in a motor vehicle accident on July 3, 2011. Defendant (Nationwide) answered the complaint in February 2012. On July 27, 2012, Nationwide commenced a declaratory judgment action in Supreme Court, Nassau County, against plaintiff herein, seeking a declaration that Nationwide was under no obligation to pay any of plaintiff's claims arising from the accident at issue, since plaintiff had failed to comply with a condition precedent to reimbursement of first-party no-fault benefits by failing to appear for duly scheduled examinations under oath. Plaintiff did not appear or serve an answer in the Supreme Court declaratory judgment action. By judgment entered January 28, 2013, the Supreme Court granted Nationwide a declaratory judgment on default, and, on April 1, 2013, the default judgment was served with notice of entry on plaintiff. On December 6, 2013, Nationwide moved in the Civil Court for summary judgment dismissing the complaint on the ground that, in essence, plaintiff's action is barred by virtue of the declaratory judgment. Plaintiff opposed the motion only on the ground that the declaratory judgment had no preclusive effect on the present action. 
Thereafter, in a post-motion brief, plaintiff's attorney argued that Nationwide had waived the defenses of res judicata and collateral estoppel by failing to raise those defenses in its answer or in a motion to dismiss the complaint, and that Nationwide had not moved to amend its answer to include those defenses. Plaintiff's counsel contended that, even if Nationwide's motion were treated as implicitly seeking leave to amend its answer, plaintiff was prejudiced by Nationwide's unexplained delay in making the motion. Defense counsel argued in her post-motion brief that, even if res judicata and collateral estoppel are not asserted in an answer, such defenses may be raised in a motion for summary judgment where, as here, there is an absence of prejudice and surprise to the other side. Defense counsel noted that, in any event, the declaratory judgment had not been entered until after plaintiff had commenced its action in the Civil Court and after Nationwide had answered the complaint. Plaintiff appeals from an order of the Civil Court, [*2]entered September 8, 2014, which granted Nationwide's motion. 
Nationwide had no basis to assert the defenses of collateral estoppel and res judicata before January 28, 2013, when the declaratory judgment was entered in the Supreme Court (see Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). While plaintiff contended in the Civil Court that Nationwide had failed to move to amend its answer, the answer may be deemed amended to include the affirmative defenses of collateral estoppel and res judicata (see Barrett v Kasco Constr. Co., 84 AD2d 555 [1981], affd 56 NY2d 830 [1982]), and a waiver of such defenses (see CPLR 3211 [e]) will not result where, as here, the defendant's failure to assert the defenses in its answer did not take the plaintiff by surprise (see Renelique, 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U]; see e.g. Olean Urban Renewal Agency v Herman, 101 AD2d 712, 713 [1984]; see also Rogoff v San Juan Racing Assn., 77 AD2d 831 [1980], affd 54 NY2d 883 [1981]). We note that, notwithstanding plaintiff's conclusory assertion of prejudice, an examination of the record reveals none. "Indeed, an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party' (Sullivan v American Airlines, Inc., 80 AD3d 600, 602 [2011]; see also Lerwick v Kelsey, 24 AD3d 918, 919 [2005]; Allen v Matthews, 266 AD2d 782 [1999])" (Renelique, 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U], *1). 
Consequently, in light of the Supreme Court's declaratory judgment, the Civil Court properly granted Nationwide's motion for summary judgment under the doctrine of res judicata (see EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), as any judgment in favor of plaintiff in this action would destroy or impair rights or interests established by the judgment in the declaratory judgment action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C., 38 Misc 3d at 2). 
Accordingly, the order is affirmed. 
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 13, 2016