K.O. Medical, P.C., as Assignee of Brutus Christopher, Respondent, 
against
Mercury Casualty Company, Appellant.




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for appellant.
Law Offices of Melissa Betancourt, P.C. (Melissa Betancourt, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered July 11, 2014. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment.




ORDERED that so much of the appeal as is from the portion of the order that denied defendant's motion for summary judgment dismissing the complaint is dismissed as academic in light of this court's determination of the remainder of the appeal; and it is further,
ORDERED that the order, insofar as reviewed, is reversed, with $30 costs, plaintiff's cross motion for summary judgment is denied, and summary judgment dismissing the complaint is awarded to defendant pursuant to CPLR 3212 (b), in accordance with the decision herein. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled examinations under oath (EUOs). Plaintiff opposed the motion and cross-moved for summary judgment. Defendant appeals from an order of the Civil Court, entered July 11, 2014, which denied defendant's motion, finding that defendant had failed to establish the assignor's nonappearances at the EUOs, and granted plaintiff's cross motion. On the appeal, defendant has annexed to its reply brief a December 4, 2014 short-form order of the Supreme Court, Bronx County, in a declaratory judgment action and asks this court to take judicial notice of that order, in which the Supreme Court granted on default a judgment declaring [*2]that plaintiff herein and its assignor, among others, are not entitled to no-fault coverage for the accident that is at issue in the case at bar.
Contrary to the determination of the Civil Court, plaintiff failed to establish its prima facie entitlement to summary judgment, as plaintiff's cross-moving papers failed to establish either that defendant had not denied the claims within the requisite 30-day period or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Thus, the portion of the order which granted plaintiff's cross motion for summary judgment must be reversed and plaintiff's cross motion denied.
Ordinarily, a reversal of this portion of the Civil Court's order, standing alone, would result in the matter being remitted to the Civil Court for all further proceedings. However, as a court may take judicial notice "on appeal, of reliable documents, the existence and accuracy of which are not disputed" and, generally, "of matters of public record" (Brandes Meat Corp. v Cromer, 146 AD2d 666, 667 [1989]; see Headley v New York City Tr. Auth., 100 AD3d 700 [2012]), this court, having afforded plaintiff an opportunity to address the propriety of the Supreme Court's short-form order, and as the challenges that plaintiff has raised thereto lack merit, declines to remit the matter and, in the interest of judicial economy, takes judicial notice of the Supreme Court's superseding order, entered October 17, 2016, pursuant to the short-form order, granting defendant's motion for the entry of a default judgment and declaring that plaintiff herein and its assignor are not entitled to no-fault benefits arising out of the accident at issue (see Headley, 100 AD3d at 701; Brandes Meat Corp., 146 AD2d at 667). As the Supreme Court's order bars any subsequent proceeding between the parties in the Civil Court under the doctrine of res judicata (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), it sufficiently appears that a party other than plaintiff is entitled to summary judgment (see CPLR 3212 [b]). Accordingly, upon reversing the portion of the Civil Court's order which granted plaintiff's cross motion for summary judgment, we grant defendant summary judgment dismissing the complaint pursuant to the doctrine of res judicata (see EBM Med. Health Care, P.C.,38 Misc 3d at 3), as any judgment in favor of plaintiff in the present action would destroy or impair rights or interests established by the order in the declaratory judgment action (see Schuylkill Fuel Corp., 250 NY at 306-307; Flushing Traditional Acupuncture, P.C., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U]), and we dismiss as academic so much of the appeal as is from the portion of the Civil Court's order that denied defendant's motion for summary judgment.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 17, 2017