Active Chiropractic, P.C., as Assignee of Mary Parrish, Respondent, 
against
Allstate Insurance, Appellant.




Abrams, Cohen & Associates, P.C. (Frank Piccininni), for appellant.
Zara Javakov, P.C. (Zara Javakov and Adam Waknine), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered March 16, 2016. The order granted plaintiff's motion for summary judgment and implicitly denied defendant's cross motion, in effect, for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, defendant's answer is deemed amended to assert the affirmative defense of res judicata, plaintiff's motion for summary judgment is denied and defendant's cross motion, in effect, for summary judgment dismissing the complaint is granted.
Plaintiff commenced this action on February 8, 2013 to recover assigned, first-party no-fault benefits. Defendant served an answer on March 5, 2013. Thereafter, plaintiff moved for summary judgment, and defendant cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (5), contending that plaintiff's action was barred by virtue of an order entered on May 13, 2014 in a Supreme Court declaratory judgment action. The Supreme Court order, entered on default, declared that defendant herein was not obligated to provide coverage for no-fault claims arising out of the accident in question, and that plaintiff herein and its assignor were not entitled to reimbursement for services rendered to the assignor with respect to that accident. Plaintiff did not oppose defendant's cross motion in the Civil Court. Defendant appeals from an order of the Civil Court which granted plaintiff's motion and denied defendant's cross motion, finding that [*2]defendant had failed to raise the defense of res judicata in its answer. 
Initially, we note that, although defendant's motion was denominated as one to dismiss the complaint pursuant to CPLR 3211 (a) (5), the motion was made after issue had been joined (see generally CPLR 3211 [e]). "Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment" (CPLR 3211 [c]). While the Civil Court never notified the parties that it was treating the motion as one for summary judgment, an exception to the notice requirement is applicable, as defendant's motion exclusively involved "a purely legal question rather than any issues of fact" (Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1987]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Consequently, it was proper for the Civil Court, in effect, to treat defendant's motion to dismiss as one for summary judgment "without first giving notice of its intention to do so" (Four Seasons Hotels, 127 AD2d at 320). 
We note that, while defendant failed to raise the affirmative defense of res judicata in its answer, defendant had no basis to assert that defense before May 13, 2014, when the order in the Supreme Court declaratory judgment action was entered (see Metro Health Prods., Inc. v Nationwide Ins., 52 Misc 3d 138[A], 2016 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). While the better practice would have been for defendant to move to amend its answer after May 13, 2014, nevertheless, defendant's answer may be deemed amended to assert the affirmative defense of res judicata (see Barrett v Kasco Constr. Co., 84 AD2d 555 [1981], affd 56 NY2d 830 [1982]). We note that "an unpleaded defense may serve as the basis for granting summary judgment in the absence of surprise or prejudice to the opposing party" (Sullivan v American Airlines, Inc., 80 AD3d 600, 602 [2011]; see Renelique, 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U]).
In light of the Supreme Court's order in the declaratory judgment action, the Civil Court should have granted defendant's cross motion (see EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), as any judgment in favor of plaintiff in this action would destroy or impair rights or interests established by the order in the declaratory judgment action (see Schuylkill Fuel Corp. v Neiberg Realty Corp., 250 NY 304, 306-307 [1929]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C., 38 Misc 3d at 2).
Accordingly, the order is reversed, defendant's answer is deemed amended to assert the affirmative defense of res judicata, plaintiff's motion for summary judgment is denied and defendant's cross motion, in effect, for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 09, 2018