Atlantic Chiropractic, P.C., as Assignee of Kenya Peavy, Respondent, 
against
Utica Mutual Ins. Co., Appellant.




Bruno, Gerbino & Soriano, LLP (Nathan Shapiro of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered December 17, 2014. The order denied defendant's motion for leave to amend its answer, pursuant to CPLR 3025 (b), to add, among other things, the affirmative defense of res judicata, to deem the amended answer served nunc pro tunc and, in effect, for summary judgment dismissing the complaint on the ground that plaintiff's action is barred based on that doctrine.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for leave to amend its answer, pursuant to CPLR 3025 (b), to add, among other things, the affirmative defense of res judicata, to deem the amended answer served nunc pro tunc and in effect, for summary judgment dismissing the complaint on the ground that plaintiff's action is barred based on that doctrine is granted.
Plaintiff commenced this action in the Civil Court in August 2011 to recover assigned first-party no-fault benefits. On November 21, 2011, the insurer commenced a declaratory judgment action in the Supreme Court, Nassau County, and, approximately two weeks later, on December 8, 2011, served an answer in the Civil Court action. In a declaratory judgment entered May 7, 2013 upon the failure of plaintiff and its assignor to appear and answer the complaint, the Supreme Court declared, among other things, that the insurer is not required to pay no-fault benefits to the provider and its assignor on the ground that the alleged accident was a staged incident and, therefore, was not covered under the policy in question. Thereafter, the insurer moved in the Civil Court for leave to amend its answer to include, insofar as is relevant, the affirmative defense of res judicata, to deem the amended answer timely served nunc pro tunc, and, in effect, for summary judgment dismissing the complaint on the ground that plaintiff's action in the Civil Court is barred under the doctrine of res judicata. Plaintiff opposed the [*2]motion. By order dated December 17, 2014, the Civil Court denied defendant's motion, finding that defendant had waived its res judicata defense by submitting its answer in the Civil Court after it had commenced the declaratory judgment action.
Generally, leave to amend a pleading pursuant to CPLR 3025 (b) should be granted where there is no significant prejudice or surprise to the opposing party and where the proof submitted in support of the motion indicates that the amendment may have merit (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Ingrami v Rovner, 45 AD3d 806, 808 [2007]). In opposition to defendant's motion, plaintiff failed to demonstrate any prejudice (see Barrett v Kasco Constr. Co., 84 AD2d 555, 556 [1981], affd 56 NY2d 830 [1982]) or surprise (see CPLR 3018 [b]; Rogoff v San Juan Racing Assn., 77 AD2d 831, 832 [1980], affd 54 NY2d 883 [1981]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]) as a result of the proposed amendment to the answer, while defendant established that the proposed affirmative defense had merit. Contrary to the determination of the Civil Court that defendant had waived its defense of res judicata, defendant had no basis to assert that defense before May 7, 2013, when the declaratory judgment was entered in the Supreme Court (see Metro Health Prods., Inc. v Nationwide Ins., 52 Misc 3d 138[A], 2016 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Renelique, 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U]). Consequently, the Civil Court should have granted the branches of defendant's motion seeking leave to amend the answer to include the res judicata defense and to deem the answer timely served nunc pro tunc.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913-914 [2016]; see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). It is well settled that default judgments which have not been vacated can have res judicata effect (see Lazides v P & G Enters., 58 AD3d 607 [2009]; Matter of Allstate Ins. Co. v Williams, 29 AD3d 688, 690 [2006]; Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]; Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). In light of the Supreme Court declaratory judgment, we reverse the order and grant the branch of defendant's motion seeking, in effect, summary judgment dismissing the complaint as barred (see Active Chiropractic, P.C. v Allstate Ins., 58 Misc 3d 156[A], 2018 NY Slip Op 50201[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Metro Health Prods., Inc. v Nationwide Ins., 52 Misc 3d 138[A], 2016 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; J.K.M. Med. Care, P.C. v Liberty Mut. Fire Ins. Co., 52 Misc 3d 137[A], 2016 NY Slip Op 51071[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Renelique, 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), as any judgment in favor of plaintiff in the present action would destroy or impair rights or interests established by the judgment in the declaratory judgment action (see Schuylkill Fuel Corp., 250 NY 304; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C., 38 Misc 3d 1).
Accordingly, the order is reversed and defendant's motion for leave to amend its answer pursuant to CPLR 3025 (b) to add, among other things, the affirmative defense of res judicata, to deem the proposed amended answer timely served nunc pro tunc and, in effect, for summary judgment dismissing the complaint on the ground that plaintiff's action is barred is granted.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 08, 2019