Valdan Acupuncture, P.C., as Assignee of Joanne Watson Mack, Appellant,
against
Nationwide Mutual Fire Ins. Co., Respondent.




Gary Tsirelman, P.C. (Jung Pryjma of counsel), for appellant.
McDonald, Safranek & Turchetti (Kevon Lewis of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (John J. Kelley, J.), entered April 21, 2017. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In October 2015, plaintiff commenced this action to recover assigned first-party no-fault benefits arising from a motor vehicle accident which had occurred on January 11, 2011. The injured party had assigned the no-fault benefits to plaintiff on September 21, 2011. Defendant moved for summary judgment dismissing the complaint or for an order staying the action, as defendant had commenced a declaratory judgment action in the Supreme Court, Onondaga County, against the assignor and numerous medical providers other than plaintiff herein, seeking a declaration that the accident in question was not a covered incident under the insurance policy. Plaintiff opposed the motion. In further support of the motion, defendant proffered an order of the Supreme Court, dated August 2, 2016, declaring that the insurer (defendant herein) is not required or obligated to provide no-fault benefits to the assignor (and numerous named providers, other than plaintiff) arising out of the January 11, 2011 accident, and defendant argued that, consequently, plaintiff's action in the Civil Court is barred. Plaintiff appeals from an order of the Civil Court entered April 21, 2017 which granted defendant's motion based upon the order in the declaratory judgment action and dismissed plaintiff's complaint with prejudice.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., [*2]140 AD3d 912, 913-914 [2016]; see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). In the case at bar, as the injured party's assignment to plaintiff was made on September 21, 2011, after the commencement in August 2011 of the declaratory judgment action, plaintiff is deemed to be in privity with the assignor and "charged with notice that [its] rights to the assignment are subject to the competing claim" (Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 487 [1979]). Consequently, in light of the Supreme Court's order, the Civil Court properly granted defendant's motion for summary judgment (see EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1, 3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), as any judgment in favor of plaintiff in this action would destroy or impair rights or interests established by the order in the declaratory judgment action (see Schuylkill Fuel Corp., 250 NY 304; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C., 38 Misc 3d 1).
Accordingly, the order is affirmed. 
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 28, 2019