Charles Deng Acupuncture, P.C., as Assignee of Pierre, Yva, Appellant, 
against
Allstate Insurance Company, Respondent. 




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Office of Karen L. Lawrence (Cheryl Scher of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered August 3, 2017. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action in the Civil Court on October 14, 2015 to recover assigned first-party no-fault benefits for services provided to its assignor, who was allegedly injured in an accident on October 24, 2011. Prior to the commencement of this action, defendant had brought a declaratory judgment action in the Supreme Court, Kings County, against plaintiff and its assignor herein, among other parties, pertaining to the October 24, 2011 accident. Thereafter, defendant moved in the Supreme Court for summary judgment, and, in an order entered April 28, 2014, the Supreme Court stated that defendant's "motion for summary judgment for a declaration of a staged accident and that plaintiff is not liable in any respect for damages arising out of the accident is hereby granted in all respects on default" as to the present plaintiff and assignor, among other parties. Relying upon the Supreme Court's order, defendant moved in the Civil Court for summary judgment dismissing the complaint on the ground that plaintiff's action is barred by the doctrine of res judicata. Defendant annexed a copy of the Supreme Court's order, pleadings and motion papers. Plaintiff appeals from an order of the Civil Court entered August 3, 2017 which granted defendant's motion.
We note that defendant failed to include res judicata as an affirmative defense in its answer, or to move to dismiss the complaint on that ground pursuant to CPLR 3211 (a) (5) prior to serving its answer. Defendant instead moved for summary judgment based on res judicata and also sought "such other and further relief as [the Civil Court] may deem just and proper." As plaintiff, in opposition to defendant's motion, failed to allege any prejudice (see Barrett v Kasco [*2]Constr. Co., 84 AD2d 555, 556 [1981], affd 56 NY2d 830 [1982]) or surprise (see CPLR 3018 [b]; Rogoff v San Juan Racing Assn., 54 NY2d 883, 885 [1981]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]) resulting from defendant's seeking summary judgment based on that unpleaded affirmative defense, we deem defendant's answer amended to include the affirmative defense of res judicata (see Barrett, 84 AD2d at 556; Metro Health Prods., Inc. v Nationwide Ins., 52 Misc 3d 138[A], 2016 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). 
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913-914 [2016]; see Matter of Hunter, 4 NY3d 260 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). In light of the order in the declaratory judgment action, the present action is barred under the doctrine of res judicata (see Island Life Chiropractic, P.C. v Unitrin Auto & Home Ins. Co., 52 Misc 3d 137[U], 2016 NY Slip Op 51076[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1, 3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; SZ Med., P.C. v Erie Ins. Co., 24 Misc 3d 126[A], 2009 NY Slip Op 51221[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]), as any judgment in favor of plaintiff in the instant action would destroy or impair rights or interests established by the Supreme Court's order (see Schuylkill Fuel Corp., 250 NY 304, 306-307; SZ Med., P.C., 24 Misc 3d 126[A], 2009 NY Slip Op 51221[U]).
Accordingly, the order is affirmed. 
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 16, 2019