St. Mark's Med. Health Care, PLLC v 21st Century Ins. Co. (2020 NY Slip Op
50851(U))

[*1]

St. Mark's Med. Health Care, PLLC v 21st Century Ins. Co.

2020 NY Slip Op 50851(U) [68 Misc 3d 127(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-361 K C

St. Mark's Medical Health Care, PLLC, as
Assignee of Dejean, Ludmilla, Respondent, 
against
21st Century Insurance Company, Appellant.

Law Offices of Buratti, Rothenberg & Burns (Bryan M. Rothenberg of counsel), for
appellant.
The Rybak Firm, PLLC (Oleg Rybak, Esq.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered October 15, 2018. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED, that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
Plaintiff commenced this action against "21st Century Insurance Company" in the Civil
Court on June 22, 2017 to recover assigned first-party no-fault benefits for services that had been
provided to its assignor, who had allegedly been injured in an accident on June 7, 2011. Prior to
the commencement of this action, 21st Century Advantage Insurance Company and 21st Century
Security Insurance Company had brought a declaratory judgment action in the Supreme Court,
New York County, against plaintiff and its assignor herein, among other parties, pertaining to the
June 7, 2011 accident. By order dated June 3, 2014, the Supreme Court granted, on default, a
motion by 21st Century Advantage Insurance Company and 21st Century Security Insurance
Company for a default judgment against the provider and assignor herein and "ordered, adjudged
and decreed" that 21st Century Advantage Insurance Company and 21st Century Security
Insurance Company had "no duty to provide coverage" for the accident at issue (occurring on
June 7, 2011); that the applicable insurance policy is null and void with respect to that accident;
[*2]and that 21st Century Advantage Insurance Company and
21st Century Security Insurance Company are "not obligated to provide coverage for no-fault
reimbursement based upon the failure of the defendants [in the Supreme Court action] to verify
their claims." A Supreme Court judgment, dated July 20, 2017, set forth the same declaration as
stated in the June 3, 2014 order. Relying upon the Supreme Court's order and judgment,
defendant moved in the Civil Court for summary judgment dismissing the complaint. Plaintiff
opposed the motion on the grounds that there is no collateral estoppel or res judicata effect from
the Supreme Court's order and judgment, and that defendant had failed to establish a prima facie
case. Plaintiff also cross-moved for summary judgment. Defendant appeals from so much of an
order of the Civil Court, entered October 15, 2018, as denied defendant's motion.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes
relitigation of that claim and all claims arising out of the same transaction or series of
transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913
[2016]; see Matter of Hunter, 4
NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304,
306-307 [1929]). It is well settled that default judgments, which have not been vacated, can have
res judicata effect (see Lazides v P
& G Enters., 58 AD3d 607 [2009]; Matter of Allstate Ins. Co. v Williams, 29 AD3d 688, 690 [2006];
Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]; Ava Acupuncture, P.C. v NY Cent. Mut.
Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2012]). In light of the Supreme Court declaratory judgment, entered
on default, the Civil Court should have granted defendant's motion for summary judgment
dismissing the complaint (see EBM
Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2012]), as any judgment in favor of plaintiff in the present action would
destroy or impair rights or interests established by the judgment in the declaratory judgment
action (see Schuylkill Fuel Corp., 250 NY 304; Flushing Traditional Acupuncture,
P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C., 38 Misc 3d
1). 
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020