Solution Bridge, Inc. v GEICO Ins. Co. (2021 NY Slip Op 50731(U))

[*1]

Solution Bridge, Inc. v GEICO Ins. Co.

2021 NY Slip Op 50731(U) [72 Misc 3d 136(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., WAVNY TOUSSAINT, DONNA-MARIE E. GOLIA,
JJ

2020-447 K C

Solution Bridge, Inc., as Assignee of
Satchel, Shante, Respondent, 
against
GEICO Ins. Co., Appellant. 

Law Office of Goldstein, Flecker & Hopkins (Alison M. Chulis of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), dated January 24, 2020. The order, insofar as appealed from and as limited by the
brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff's action is barred by
a declaratory judgment entered in the Supreme Court, Nassau County, or, in the alternative, on
the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs).
Plaintiff cross-moved for summary judgment. By order dated January 24, 2020, the Civil Court
denied the motion and cross motion, but found, in effect pursuant to CPLR 3212 (g), that the
only issue remaining for trial was defendant's defense that plaintiff had failed to appear for duly
scheduled EUOs. Defendant appeals, as limited by its brief, from so much of the order as denied
its motion for summary judgment.
Defendant's motion for summary judgment dismissing the complaint should have been
granted under the doctrine of res judicata (see EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]) since, under the circumstances, any
judgment in favor of plaintiff in the present action would destroy or impair rights or interests
established by the order in the declaratory judgment action (see Schuylkill Fuel Corp. v
Nieberg Realty Corp., 250 NY 304 [1929]; Healing Art Acupuncture, P.C. v 21st [*2]Century Ins. Co., 59 Misc 3d 139[A], 2018 NY Slip Op
50583[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Even absent the declaratory judgment, defendant's motion should have been granted on the
alternate ground. Defendant established that the initial and follow-up letters scheduling an EUO
had been timely mailed (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]),
and that plaintiff failed to appear on either date (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35
AD3d 720 [2006]), and plaintiff has not rebutted those elements of defendant's prima facie
case. Moreover, the Civil Court held, in effect pursuant to CPLR 3212 (g), that defendant had
established the timely mailing of its denial of claim form, which finding has not been challenged
by plaintiff.
Accordingly, the order, insofar as appealed from, is reversed, and defendant's motion for
summary judgment dismissing the complaint is granted.
ELLIOT, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021