Clark v Deutsche Bank Natl. Trust Co. (2020 NY Slip Op 02456)





Clark v Deutsche Bank Natl. Trust Co.


2020 NY Slip Op 02456


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-06606
 (Index No. 7503/16)

[*1]Diane Kamen Clark, appellant, 
v
Deutsche Bank National Trust Company, etc., et al., respondents, et al., defendants.


Sheehan & Associates, P.C., Great Neck, NY (Spencer Sheehan of counsel), for appellant.
McGlinchey Stafford PLLC, New York, NY (Brian S. McGrath and Kristen D. Romano of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to quiet title to certain real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated May 17, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Deutsche Bank National Trust Company and Select Portfolio Servicing, Inc., which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action to quiet title insofar as asserted against them, and denied that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the defendant Deutsche Bank National Trust Company.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2005, the plaintiff commenced an action, inter alia, to set aside two deeds to real property (hereinafter the 2005 action). The plaintiff alleged that her signatures, which had been acknowledged before a notary, on two deeds dated January 23, 2002, and November 23, 2004, respectively, each transferring property, were forged, and that therefore, the mortgage lien on the property held by Washington Mutual Bank, F.A. (hereinafter Washington Mutual), was invalid. After a nonjury trial in the 2005 action, the Supreme Court directed dismissal of the seventh cause of action, which sought a judgment declaring Washington Mutual's mortgage lien invalid, insofar as asserted against Washington Mutual. The plaintiff appealed, and this Court affirmed, holding that the plaintiff failed "to rebut the presumption of due execution on either deed" (Clark v Mortgage Servs. Unlimited, 78 AD3d 1104, 1104).
The mortgage lien on the property held by Washington Mutual was later assigned to the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank).
In 2016, the plaintiff commenced the instant action against, among others, Deutsche Bank and Select Portfolio Servicing, Inc. (hereinafter SPS) (hereinafter together the defendants). The complaint alleged 10 causes of action. In the sixth cause of action, the plaintiff sought to quiet title to the property, alleging that her signature on the deeds dated January 23, 2002, and November [*2]23, 2004, were forged, and therefore, those deeds as well as all subsequent deeds and mortgages were void. By notice of motion dated September 6, 2016, the defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them based on the doctrines of res judicata and collateral estoppel. However, the defendants, in error, failed to serve the plaintiff with their motion to dismiss. This error was discovered on November 1, 2016, when the parties appeared before the Supreme Court in connection with a related matter. The defendants proposed re-serving their motion to dismiss with a new return date of December 1, 2016, to which the plaintiff, through counsel, agreed in open court. The plaintiff then opposed the defendants' motion to dismiss without challenging the timeliness of their motion in her opposition. Thereafter, by notice of motion dated December 7, 2016, the plaintiff cross-moved, among other things, for leave to enter a default judgment against Deutsche Bank.
In an order dated May 17, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action to quiet title insofar as asserted against them based on the doctrines of res judicata and collateral estoppel, and denied that branch of the plaintiff's cross motion which was for leave to enter a default judgment against Deutsche Bank. The plaintiff appeals.
As a threshold matter, under the circumstances of this case, the Supreme Court providently exercised its discretion in finding that the plaintiff had waived her contention that the defendants' motion to dismiss was untimely made (see Rozz v Law Offs. of Saul Kobrick, P.C., 134 AD3d 920, 921-922; Spagnoletti v Chalfin, 131 AD3d 901, 901-902; Glass v Captain Hulbert House, 103 AD3d 607, 608). Accordingly, we agree with the court's denial of that branch of the plaintiff's cross motion which was for leave to enter a default judgment against Deutsche Bank.
We also agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action to quiet title insofar as asserted against them. Pursuant to CPLR 3211(a)(5), a cause of action may be dismissed "because of . . . collateral estoppel . . . payment, release, [and/or] res judicata." "Under the doctrine of res judicata, a final judgment precludes reconsideration of all claims which could have or should have been litigated in the prior proceedings against the same party" (Breslin Realty Dev. Corp. v Shaw, 72 AD3d 258, 263; see Goldman v Rio, 104 AD3d 729, 730). Under the related doctrine of collateral estoppel, relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action is precluded provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (see Capellupo v Nassau Health Care Corp., 97 AD3d 619, 621; Breslin Realty Dev. Corp. v Shaw, 72 AD3d at 263).
Here, in the 2005 action, the plaintiff alleged that she was the title owner of the property and challenged the authenticity of her signatures on the deeds dated January 23, 2002, and November 23, 2004, both of which are the subject of this action. In this action, the plaintiff asserted a cause of action to quiet title based on the same allegations as those raised in the 2005 action—to wit, that her signatures on the 2002 and 2004 deeds are forged. Thus, inasmuch as the issue underlying the plaintiff's claim to quiet title—to wit, the validity of the two deeds—was actually litigated and resolved in the 2005 action, it is barred by the doctrines of res judicata and collateral estoppel (see Kret v Brookdale Hosp. Med. Ctr., 61 NY2d 861, 863; see also Altamore v Friedman, 193 AD2d 240, 244-245).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action to quiet title based on the doctrines of res judicata and collateral estoppel.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court