Pavlova v Metlife Auto & Home (2020 NY Slip Op 51007(U))

[*1]

Pavlova v Metlife Auto & Home

2020 NY Slip Op 51007(U) [68 Misc 3d 133(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-173 K C

Ksenia Pavlova, D.O., as Assignee of Jamal
Ojado James, Respondent, 
against
Metlife Auto & Home, Appellant. 

Bruno, Gerbino. Soriano & Aitken, LLP (Nathan Shapiro of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybak, Esq.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered November 14, 2018. The order denied defendant's motion to dismiss the
complaint and granted plaintiff's cross motion for summary judgment.

ORDERED that the order is reversed, with $30 costs, defendant's motion to dismiss the
complaint is granted and plaintiff's cross motion for summary judgment is denied.
In July 2015, plaintiff commenced this action to recover assigned first-party no-fault benefits
for services rendered to its assignor, "Jamal Ojado James," who had allegedly sustained injuries
in a motor vehicle accident which had occurred on September 15, 2014. Issue was joined in
August 2015, with defendant raising the affirmative defense of res judicata. Subsequently,
defendant moved to dismiss the complaint, pursuant to CPLR 3211 (a) (5), contending that
plaintiff's cause of action was barred by virtue of an order entered on October 13, 2017 in a
Supreme Court declaratory judgment action. The Supreme Court order, entered on default,
declared that plaintiff herein and its assignor, "Jamal James," had no right to be reimbursed for
services rendered to the assignor and that defendant herein had no obligation to provide coverage
for no-fault claims with respect to the accident in question. Plaintiff opposed defendant's motion
and cross-moved for summary judgment, arguing, among other things, that the order in the
declaratory judgment action has no res judicata effect because the declaratory judgment was
entered on default and that, in any event, the causes of action were "not identical." Defendant
appeals from an order of the Civil Court which denied defendant's motion on the ground that the
declaratory judgment had a "different name for the assignor," and granted plaintiff's cross
motion.
Initially, we note that defendant's motion to dismiss the complaint pursuant to CPLR 3211
(a) (5) was made after issue had been joined. Generally, such a motion must be made "before
service of the responsive pleading is required" (CPLR 3211 [e]), although "[w]hether or not issue
has been joined, the court, after adequate notice to the parties, may treat the motion as a [*2]motion for summary judgment" (CPLR 3211 [c]). Here, no such
notice appears in the record; however, plaintiff failed to argue in the Civil Court or on appeal that
the motion was improper as untimely.
In support of its motion, defendant asserted that both plaintiff herein and its assignor were
named and served in the declaratory judgment action and that the order therein declared their
rights. The date of the accident, the policy number and the claim number assigned by defendant
as set forth in the Civil Court complaint and plaintiff's bill attached to the complaint, matched the
information in the declaratory judgment action. Additionally, the home address in Maryland that
is given for "James, Jamal O." in the police report submitted in support of defendant's motion
herein matches the address contained in the insurance policy in question, also submitted in
support of defendant's motion. Thus, it is indisputable that plaintiff's assignor, Jamal Ojado
James, is the same individual as Jamal James named as a defendant in the declaratory judgment
action.
In light of the Supreme Court's order in the declaratory judgment action, the Civil Court
should have granted defendant's motion to dismiss (see EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), as any judgment in favor of plaintiff
in this action would destroy or impair rights or interests established by the order in the
declaratory judgment action (see Schuylkill Fuel Corp. v Neiberg Realty Corp., 250 NY
304, 306-307 [1929]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42
Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2014]; EBM Med. Health Care, P.C., 38 Misc 3d at 2). Moreover, the Supreme
Court's order is a conclusive final determination, notwithstanding that it was entered on default
(see Lazides v P & G Enters.,
58 AD3d 607 [2009]; Matter of
Allstate Ins. Co. v Williams, 29 AD3d 688, 690 [2006]; Matter of Eagle Ins. Co. v
Facey, 272 AD2d 399 [2000]; Vital
Meridian Acupuncture, P.C. v Republic W. Ins. Co., 46 Misc 3d 147[A], 2015 NY Slip
Op 50222[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; EBM Med. Health
Care, P.C., 38 Misc 3d 1; Ava
Acupuncture, P.C. v N Y Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip
Op 50233[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the order is reversed, defendant's motion to dismiss the complaint is granted
and plaintiff's cross motion for summary judgment is denied.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020