Tracey v Deutsche Bank Natl. Trust Co. (2020 NY Slip Op 05548)





Tracey v Deutsche Bank Natl. Trust Co.


2020 NY Slip Op 05548


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-08304 
2019-01762
 (Index No. 631/17)

[*1]Gordon Tracey, et al., respondents, 
v
Deutsche Bank National Trust Company, etc., appellant.


Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson of counsel), for appellant.
Lazarowitz Law, P.C., Hempstead, NY (Harvey O. Lazarowitz of counsel), for respondent Gordon Tracey.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that a certain deed and mortgage are null and void, the defendant appeals from (1) an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated April 9, 2018, and (2) an order of the same court dated January 3, 2019. The order dated April 9, 2018, denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint. The order dated January 3, 2019, denied the defendant's motion for leave to renew its prior motion pursuant to CPLR 3211(a)(5) to dismiss the complaint, which had been denied in the order dated April 9, 2018.
ORDERED that the order dated April 9, 2018, is reversed, on the law, and the defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(5) is granted; and it is further,
ORDERED that the appeal from the order dated January 3, 2019, is dismissed as academic in light of our determination on the appeal from the order dated April 9, 2018; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff Gordon Tracey became the owner of certain real property located in Brooklyn by deed dated January 31, 2000. The property was purportedly conveyed by Tracey to himself and nonparty Francis James, as joint tenants, by deed dated September 30, 2005 (hereinafter the 2005 deed). James executed a note in favor of Ameriquest Mortgage Company (hereinafter Ameriquest). The note was secured by a mortgage on the property, which listed both James and Tracey as borrowers (hereinafter the 2005 mortgage). Ameriquest subsequently assigned the 2005 mortgage and the note to the defendant, Deutsche Bank National Trust Company (hereinafter Deutsche Bank). In 2007, Deutsche Bank commenced an action against, among others, James and Tracey, to foreclose on the 2005 mortgage (hereinafter the foreclosure action). Tracey failed to answer the complaint and Deutsche Bank was granted a default judgment and an order of reference. Deutsche Bank subsequently was granted a judgment of foreclosure and sale, which was later [*2]affirmed by this Court on an appeal by James (see Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467).
On January 23, 2014, Tracey commenced an action against, among others, James and Deutsche Bank, alleging that he never signed the 2005 deed or the 2005 mortgage and that his signatures thereon were forgeries. Tracey moved to direct the partition of the property and to enjoin the defendants from transferring, assigning, or otherwise encumbering any interest in the property. Deutsche Bank cross-moved pursuant to CPLR 3211(a)(4) and (7) to dismiss Tracey's complaint, with prejudice. Tracey failed to appear on the return date of the motion and cross motion and, upon Tracey's default, the Supreme Court denied Tracey's motion and granted Deutsche Bank's cross motion to dismiss.
On January 5, 2017, Tracey purported to convey the property to the plaintiff Lincoln Holdings, LLC (hereinafter Lincoln). On March 22, 2017, Tracey and Lincoln commenced this action against Deutsche Bank, alleging that Tracey's signatures on the 2005 deed and the 2005 mortgage were forged (hereinafter the 2017 action). The plaintiffs seek a judgment declaring that the 2005 deed is void, striking the 2005 deed and the 2005 mortgage from the record, setting aside the judgment of foreclosure and sale, and discharging or cancelling the 2005 deed and the 2005 mortgage. By order dated April 9, 2018, the Supreme Court denied Deutsche Bank's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint. Deutsche Bank subsequently moved for leave to renew its motion to dismiss. By order dated January 3, 2019, the court denied Deutsche Bank's motion for leave to renew. Deutsche Bank appeals from both orders.
Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of res judicata (see CPLR 3211[a][5]; Williams v City of Yonkers, 160 AD3d 1017, 1018; Rudovic v Rudovic, 131 AD3d 1225, 1227). "Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347). "'[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (id. at 347, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357; see Matter of Hunter, 4 NY3d 260, 269). "A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action" (Eaddy v US Bank N.A., 180 AD3d 756, 758 [internal quotation mark omitted]; see Archibald v Wells Fargo Bank, N.A., 166 AD3d 573, 573). "A judgment by default that has not been vacated is conclusive for res judicata purposes and encompasses the issues that were raised or could have been raised in the prior action" (Eaddy v US Bank N.A., 180 AD3d at 758; see Sancar Mgt. v OneWest Bank, FSB, 165 AD3d 1306, 1307).
The Supreme Court should have granted Deutsche Bank's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint based on the doctrine of res judicata. It is undisputed that a judgment of foreclosure and sale was entered in the foreclosure action, which was affirmed by this Court on appeal (see Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467). Tracey and Deutsche Bank were both parties to the foreclosure action and the 2017 action, and Lincoln is in privity with Tracey as the successor to Tracey's alleged property interest (see Sancar Mgt. v OneWest Bank, FSB, 165 AD3d at 1307). Tracey's contention that his signatures on the 2005 deed and the 2005 mortgage were forged could have been litigated in the foreclosure action (see e.g., Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 854; Countrywide Home Loans, Inc. v Gomez, 138 AD3d 670, 671). Contrary to the Supreme Court's determination and Tracey's contention, the Court of Appeals' decision in Faison v Lewis (25 NY3d 220) does not preclude the application of res judicata in actions where a plaintiff alleges that a deed was forged (see Clark v Deutsche Bank Natl. Trust Co., 182 AD3d 574). Accordingly, res judicata bars Tracey and Lincoln's claims here (see Pusey v Morales, 181 AD3d 621, 623; Sancar Mgt. v OneWest Bank, FSB, 165 AD3d at 1307; Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d 753, 754).
In light of our determination that the Supreme Court should have granted Deutsche Bank's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground of res judicata, [*3]Deutsche Bank's remaining contentions, as well as its appeal from the order denying its motion for leave to renew its prior motion to dismiss, have been rendered academic.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court