ZG Chiropractic Care, P.C. v 21st Century Ins. Co. (2021 NY Slip Op
50079(U))

[*1]

ZG Chiropractic Care, P.C. v 21st Century Ins. Co.

2021 NY Slip Op 50079(U) [70 Misc 3d 138(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1847 K C

ZG Chiropractic Care, P.C., as Assignee of
Quintero Nathaniel, Appellant,
against
21st Century Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Bryan M. Rothenberg of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J.
Montelione, J.), entered July 5, 2018. The order granted defendant's motion to vacate an order of
that court (Reginald A. Boddie, J.) entered April 23, 2012 which granted plaintiff's prior
unopposed motion for summary judgment and, upon such vacatur, to dismiss plaintiff's motion
and for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action on July 23, 2010 to recover assigned first-party no-fault
benefits for services provided to Quintero Nathaniel, who was allegedly injured in a motor
vehicle accident on November 23, 2009. On August 12, 2011, plaintiff moved for summary
judgment. Under an adjournment stipulation executed by the parties' counsel, opposition by
defendant, 21st Century Insurance Company (21st Century), to plaintiff's motion was to be
served on or before January 23, 2012, and the motion was adjourned to April 23, 2012.
Defendant failed to oppose the motion. By order entered April 23, 2012, the Civil Court
(Reginald A. Boddie, J.) granted plaintiff's motion, finding, among other things, that defendant
had failed to appear for the calendar call on the return date of the motion. There is no indication
that a judgment has been entered pursuant to the April 23, 2012 order.
In May 2012, defendant moved to vacate the April 23, 2012 order and, upon such vacatur, to
dismiss plaintiff's motion for summary judgment and to grant summary judgment to defendant
dismissing the complaint on the ground, among others, that defendant had a reasonable excuse
for failing to oppose plaintiff's motion, in that, before the return date of plaintiff's motion, the
action had been stayed by an order of the Supreme Court, Nassau County, dated December 19,
2011, in a declaratory judgment action. Plaintiff opposed defendant's motion in the Civil Court.
[*2]By order entered July 5, 2018, the Civil Court (Richard J.
Montelione, J.) granted defendant's motion and dismissed the complaint with prejudice. As noted
by the Civil Court, defendant's motion had been adjourned numerous times from 2012 until it
was heard in 2018. The Civil Court took judicial notice of a judgment that had been entered on
February 4, 2016 in the Supreme Court upon a prior order of the Supreme Court, granting 21st
Century's motion for summary judgment and declaring that the November 23, 2009 accident,
among other named collisions, was intentional, that 21st Century has no duty to provide coverage
for any no-fault claim in connection with the November 23, 2009 collision, and that the insurance
policy at issue was null and void.
Defendant sufficiently established a reasonable excuse for its default (see CPLR
5015 [a] [1]) in opposing plaintiff's motion in the Civil Court by demonstrating that a stay issued
by the Supreme Court in its December 19, 2011 order was in effect when defendant's opposition
papers would have been due pursuant to the parties' briefing stipulation, and that the stay
remained in effect on the adjourned date of plaintiff's motion.
With respect to a potentially meritorious defense to the action, the Civil Court properly
found that, by virtue of the Supreme Court declaratory judgment, dated February 4, 2016, of
which the Civil Court took judicial notice (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13
[2009]; Matter of Khatibi v Weill, 8
AD3d 485 [2005]; Renelique v
State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2016]), there has been a conclusive determination of the
merits of the claim in question (see
Bayer v City of New York, 115 AD3d 897 [2014]; Panagiotou v Samaritan Vil., Inc., 88 AD3d 779 [2011]; Methal v City of New York, 50 AD3d
654 [2008]). Consequently, in light of the declaratory judgment, defendant's motion in the
Civil Court was properly granted under the doctrine of res judicata (see EBM Med. Health Care, P.C. v
Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2012]), as any judgment in favor of plaintiff in the present action would destroy or impair rights
or interests established by the judgment in the declaratory judgment action (see Schuylkill
Fuel Corp. v Nieberg Realty Corp., 250 NY 304 [1929]; Healing Art Acupuncture, P.C. v 21st Century Ins. Co., 59 Misc 3d
139[A], 2018 NY Slip Op 50583[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A],
2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the order is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021