Triborough Psychiatric v State Farm Mut. Ins. Co. (2021 NY Slip Op
50084(U))

[*1]

Triborough Psychiatric v State Farm Mut. Ins. Co.

2021 NY Slip Op 50084(U) [70 Misc 3d 138(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-909 Q C

Triborough Psychiatric, as Assignee of
Maria Dominquez, Appellant, 
against
State Farm Mutual Insurance Co., Respondent.

Law Office of David O'Connor, P.C. (David O'Connor of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Philip
Hom, J.), entered February 20, 2019. The order granted the branch of defendant's motion seeking
dismissal of the complaint on the ground that plaintiff's action is barred by the doctrine of
collateral estoppel.

ORDERED that the order is reversed, with $30 costs, the branch of defendant's motion
seeking dismissal of the complaint on the ground that plaintiff's action is barred by the doctrine
of collateral estoppel is denied and the matter is remitted to the Civil Court for a determination of
the remaining branches of defendant's motion.
Plaintiff commenced this action in 2003 to recover first-party no-fault benefits as assignee of
the eligible injured person for services provided to its assignor, who was allegedly injured in a
motor vehicle accident on August 26, 2002. Thereafter, State Farm commenced a declaratory
judgment action in Supreme Court, Nassau County, against the assignor and a number of other
individuals. Upon the default of the assignor, among others, in submitting opposition to State
Farm's motion for declaratory relief, the Supreme Court, in a judgment entered on November 22,
2006, declared that the August 26, 2002 collision had been a staged accident; that the insurance
policy at issue is null and void with regard to any claim arising out of that collision; and that
State Farm has no duty to provide no-fault benefits to the assignor herein and the other individual
defendants. Defendant then moved in the Civil Court for an order dismissing the complaint on
several grounds, including a lack of coverage due to a staged accident, as previously determined
by the Supreme Court. In opposition, plaintiff argued that it did not have a "full and fair"
opportunity to litigate the declaratory judgment action. By order entered February 20, 2019, the
Civil Court granted defendant's motion, finding that plaintiff's claim is barred under the doctrine
of collateral estoppel.
"Collateral estoppel precludes a party from relitigating an issue where "the issue in the
second action is identical to an issue which was raised, necessarily decided and material in the
first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier
action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; see D'Arata
v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]; Manko v Gabay, 175 AD3d 484
[2019]). As the declaratory judgment was obtained on default and not actually litigated on the
merits in the Supreme Court, there is no identity of issues between the present action and the
prior determination in the declaratory judgment action (see Kaufman v Eli Lilly &
Co., 65 NY2d 449, 456-457 [1985]; Matter of Hereford Ins. Co. v McKoy, 160 AD3d 734, 736 [2018];
47 Thames Realty, LLC v Rusconie,
85 AD3d 853, 853 [2011]). Moreover, as plaintiff commenced this action in 2003 as
assignee of the eligible injured person, plaintiff and its assignor were not in privity when the
declaratory judgment action was commenced in 2005. Consequently, contrary to the
determination of the Civil Court, plaintiff's action is not barred under the doctrine of collateral
estoppel.
As the Civil Court did not address the alternate grounds asserted by defendant in its motion
seeking dismissal of the complaint, the matter must be remitted to the Civil Court for a
determination of those remaining grounds (see Magic Recovery Med. & Surgical Supply Inc. v State Farm Mut.
Auto. Ins. Co., 27 Misc 3d 67 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2010]; see also McElroy v Sivasubramaniam, 305 AD2d 944 [2003]).
Accordingly, the order is reversed, the branch of defendant's motion seeking dismissal of the
complaint on the ground that plaintiff's action is barred by the doctrine of collateral estoppel is
denied and the matter is remitted to the Civil Court for a determination of the remaining branches
of defendant's motion.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021