BNE Clinton Med., P.C. v State Farm Mut. Auto Ins. Co. (2021 NY Slip Op
50083(U))

[*1]

BNE Clinton Med., P.C. v State Farm Mut. Auto Ins. Co.

2021 NY Slip Op 50083(U) [70 Misc 3d 138(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-895 K C

BNE Clinton Medical, P.C., as Assignee of
Diana Cruz, Appellant, 
against
State Farm Mutual Auto Ins. Co., Respondent.

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), dated May 3, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion to disqualify defendant's
law firm from representing defendant in this action.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear
for duly scheduled examinations under oath (EUOs). The motion was supported by, among other
things, an affirmation from a partner in the law firm representing defendant, attesting to
plaintiff's failure to appear. Plaintiff cross-moved to disqualify the law firm representing
defendant, pursuant to Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7, on the
ground that a member of the firm was a necessary witness in this case. Plaintiff appeals from an
order of the Civil Court granting defendant's motion and denying plaintiff's cross motion.
Plaintiff's contention that defendant failed to make a prima facie showing of its entitlement
to summary judgment because defendant did not show that it had timely mailed "prescribed
forms" upon learning of the accident (see 11 NYCRR 65-3.4) lacks merit, as such a
showing is not part of an insurer's prima facie burden when seeking summary judgment on the
ground that a provider or the provider's assignor failed to appear for duly scheduled EUOs (see Interboro Ins. Co. v Clennon, 113
AD3d 596, 597 [2014]).
Plaintiff's contention that defendant's law firm should be disqualified based on the
attorney-witness rule lacks merit for the reasons stated in Lotus Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co. (44 Misc 3d
142[A], 2014 NY Slip Op 51315[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2014]).
Accordingly, the order is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021