North Val. Med., P.C. v Permanent Gen. Assur. Corp. (2022 NY Slip Op
50048(U))

[*1]

North Val. Med., P.C. v Permanent Gen. Assur. Corp.

2022 NY Slip Op 50048(U) [74 Misc 3d 127(A)]

Decided on January 21, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 21, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-499 K C

North Valley Medical, P.C., as Assignee of
Ernest Frazier, Respondent, 
against
Permanent General Assurance Corp., Appellant.

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
Petre and Associates, P.C. (Damin Toell of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Consuelo
Mallafre-Melendez, J.), entered March 1, 2019. The order denied defendant's motion for, in
effect, summary judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for, in effect,
summary judgment dismissing the complaint is granted.
Plaintiff North Valley Medical, P.C. (North Valley) commenced this action against
Permanent General Assurance Corp. (Permanent General) to recover assigned first-party no-fault
benefits for services that North Valley had provided to its assignor, Ernest Frazier, who had
allegedly sustained injuries in a motor vehicle accident on November 3, 2013. After issue was
joined, Permanent General commenced a declaratory judgment action in the Supreme Court,
New York County, against, insofar as relevant here, North Valley and Ernest Frazier, which
parties failed to appear or answer in the Supreme Court action. By order entered December 3,
2015, the Supreme Court granted, on default, Permanent General's motion for a default judgment
against, among others, North Valley and Ernest Frazier.
Thereafter, Permanent General moved in the Civil Court for, in effect, summary judgment
[*2]dismissing the complaint on the ground that the present Civil
Court action is barred under the doctrine of res judicata, as the instant claims had been fully
litigated in the Supreme Court. North Valley opposed the motion. Permanent General appeals
from an order of the Civil Court entered March 1, 2019 denying Permanent General's
motion.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes
relitigation of that claim and all claims arising out of the same transaction or series of
transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913-914
[2016]; see Matter of Hunter, 4
NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304,
306-307 [1929]). " 'A judgment by default that has not been vacated is conclusive for res judicata
purposes and encompasses the issues that were raised or could have been raised in the prior
action' " (Tracey v Deutsche Bank
National Trust, 187 AD3d 815, 817 [2020], quoting Eaddy v US Bank N.A., 180 AD3d 756, 758 [2020]).
In light of the Supreme Court's order in the declaratory judgment action, the Civil Court
should have granted Permanent General's motion for, in effect, summary judgment dismissing
the Civil Court complaint (see Pavlova v Metlife Auto & Home,68 Misc 3d 133[A],
2020 NY Slip Op 51007[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020];
EBM Med. Health Care, P.C. v Republic W. Ins.,38 Misc 3d 1 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2012]), as any judgment in favor of North Valley in this action would
destroy or impair rights or interests established by the order in the declaratory judgment action
(see Schuylkill Fuel Corp., 250 NY at 306-307; Flushing Traditional Acupuncture,
P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C., 38 Misc 3d at
2). Moreover, the Supreme Court's order is a conclusive final determination, notwithstanding that
it was entered on default (see Lazides v
P & G Enters., 58 AD3d 607 [2009]; Matter of Allstate Ins. Co. v Williams, 29 AD3d 688, 690
[2006]; Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]; Vital Meridian Acupuncture, P.C. v
Republic W. Ins. Co., 46 Misc 3d 147[A], 2015 NY Slip Op 50222[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2015]; EBM Med. Health Care, P.C., 38 Misc 3d 1;
Ava Acupuncture, P.C. v NY Cent. Mut.
Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2012]).
Accordingly, the order is reversed and defendant's motion for, in effect, summary judgment
dismissing the complaint is granted. 
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 21, 2022