BH Shipping, LLC v Vairo (2022 NY Slip Op 51366(U))

[*1]

BH Shipping, LLC v Vairo

2022 NY Slip Op 51366(U) [77 Misc 3d 138(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2022-28 W C

BH Shipping, LLC, Respondent,
against
Frank P. Vairo, Appellant, XYZ Corporation, Undertenant.

Robert F. Zerilli and Joseph M. Becker, for appellant.
The Law Offices of Scott Gross, P.C. (Scott Gross of counsel), for respondent.

Appeal from a final judgment of the City Court of Yonkers, Westchester County
(Evan Inlaw, J.), entered December 10, 2021. The judgment, entered upon an order of
that court entered September 14, 2021 denying tenant's motion to, in effect, open his
defaults, consisting of (1) failing to oppose landlord's motion seeking summary judgment
on the issue of possession, a hearing to determine outstanding use and occupancy, and to
dismiss tenant's counterclaims, and (2) failing to appear at a hearing on the issue of
outstanding fair use and occupancy, awarded landlord possession and the sum of $31,040
in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
In this commercial holdover proceeding, landlord moved for summary judgment on
the issue of possession, for a hearing to determine outstanding use and occupancy, and to
dismiss tenant's counterclaims. Upon tenant's failure to oppose the motion, the City Court
granted the motion and calendared the matter for a hearing. After the hearing, at which
tenant failed to appear, the City Court determined that tenant owed landlord $31,400 in
outstanding use and occupancy. Shortly thereafter, tenant moved to open his defaults. By
order entered September 14, 2021, the City Court denied tenant's motion. On December
10, 2021, a final judgment was entered awarding landlord possession and the sum of
$31,040.
Although no appeal lies from a judgment entered upon the default of the appealing
party [*2](see CPLR 5511), an appeal from such
a judgment brings up for review those matters which were the subject of contest below
(see James v Powell, 19 NY2d 249, 256 [1967]; City Chiropractic, P.C. v Global
Liberty Ins. Co. of NY, 65 Misc 3d 159[A], 2019 NY Slip Op 51981[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), which, in this case, is the order
entered September 14, 2021 denying tenant's motion to open his defaults.
To open his defaults, tenant was required to demonstrate a reasonable excuse for his
defaults and a potentially meritorious defense to the proceeding (see CPLR 5015
[a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141
[1986]; ZG Chiropractic Care,
P.C. v 21st Century Ins. Co., 70 Misc 3d 138[A], 2021 NY Slip Op 50079[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Here, tenant failed to
demonstrate a reasonable excuse for either default. As tenant has failed to demonstrate
the existence of a reasonable excuse for the defaults, we need not reach the issue of
whether tenant established a meritorious defense (see Oversby v Linde Div. of Union
Carbide Corp., 121 AD2d 373 [1986]; North Shore Cardiac Imaging, P.C. v Glaser, 63 Misc 3d
143[A], 2019 NY Slip Op 50628[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2019]).
Accordingly, the final judgment is affirmed.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22,
2022