Horizon P.T. Care, P.C. v State Farm Mut. Auto. Ins. Co. (2023 NY Slip Op 50295(U))

[*1]

Horizon P.T. Care, P.C. v State Farm Mut. Auto. Ins. Co.

2023 NY Slip Op 50295(U)

Decided on March 24, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA MUNDY, JJ

2021-620 K C

Horizon P.T. Care, P.C., as Assignee of October, Celeste, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.

Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Patria Frias-Colón, J.), dated April 12, 2021. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.

ORDERED that the order is affirmed, with $25 costs.
In January 2018, plaintiff Horizon P.T. Care, P.C. (Horizon) commenced this action against defendant State Farm Mutual Automobile Ins. Co. (State Farm) to recover assigned first-party no-fault benefits for services Horizon rendered to its assignor for injuries the assignor allegedly sustained in a motor vehicle accident on March 9, 2015. Defendant moved for summary judgment dismissing the complaint on the ground that the Civil Court action was barred by a declaratory judgment issued by the Supreme Court, Nassau County, in a December 2015 declaratory judgment action commenced by State Farm against Horizon in regard to the same March 2015 accident. Following Horizon's default in appearing in the Supreme Court action, a judgment was entered in July 2016, which declared that "Horizon . . . has no right to receive payment for the bills submitted to STATE FARM and listed in Exhibit '1' of the . . . summons and verified complaint." Plaintiff opposed the motion in the Civil Court and cross-m[*2]oved for summary judgment. The Civil Court, by order dated April 12, 2021, granted defendant's motion and denied the cross motion. 
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913 [2016]; see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). " 'A judgment by default that has not been vacated is conclusive for res judicata purposes and encompasses the issues that were raised . . . in the prior action' " (Tracey v Deutsche Bank Natl. Trust Co., 187 AD3d 815, 817 [2020], quoting Eaddy v US Bank N.A.,180 AD3d 756, 758 [2020]; see North Val. Med., P.C. v Permanent Gen. Assur. Corp., 74 Misc 3d 127[A], 2022 NY Slip Op 50048[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Defendant demonstrated that the assignor, date of loss, and dates of service in the Supreme Court action were identical to those listed in the complaint in this action. Moreover, the affidavit of defendant's claims specialist adequately explained that the monetary amounts for certain claims differed between the complaints in the two actions due to mathematical errors in plaintiff's claim forms and demonstrated that the charges were actually the same. Thus, contrary to plaintiff's argument, defendant established that the claims at issue in this action are the same as those referenced in the Supreme Court declaratory judgment, which rendered a final adjudication of those claims (see Ciraldo, 140 AD3d at 913). Consequently, this action was barred under the doctrine of res judicata and the Civil Court properly granted defendant's motion for summary judgment dismissing the complaint (see ZG Chiropractic Care, P.C. v 21st Century Ins. Co., 70 Misc 3d 138[A], 2021 NY Slip Op 50079[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Valdan Acupuncture, P.C. v Nationwide Mut. Fire Ins. Co., 64 Misc 3d 134[A], 2019 NY Slip Op 51098[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), since any judgment in favor of plaintiff in this action would destroy or impair rights or interests established by the declaratory judgment action (see Schuylkill Fuel Corp., 250 NY at 306-307; North Val. Med., P.C., 2022 NY Slip Op 50048[U]; ZG Chiropractic Care, P.C., 2021 NY Slip Op 50079[U]; Valdan Acupuncture, P.C., 2019 NY Slip Op 51098[U]; EBM Med. Health Care, P.C., 38 Misc 3d at 2).
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 24, 2023