Shafai Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co. (2023 NY Slip Op 50795(U))

[*1]

Shafai Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co.

2023 NY Slip Op 50795(U)

Decided on July 21, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., LISA S. OTTLEY, LOURDES M. VENTURA, JJ

2023-27 K C

Shafai Acupuncture, P.C., as Assignee of Ali, Sean, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Ellen E. Edwards, J.), entered April 5, 2022. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits arising out of a March 9, 2015 accident, defendant moved for summary judgment dismissing the first through fifth and seventh causes of action on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs), and dismissing the sixth cause of action on the ground that it was barred by an April 18, 2019 declaratory judgment issued by the Supreme Court, Nassau County, in an action commenced by defendant herein against plaintiff herein in regard to the same March 9, 2015 accident. Plaintiff opposed defendant's motion and cross-moved for summary judgment. By order entered April 5, 2022, the Civil Court (Ellen E. Edwards, J.) granted defendant's motion for summary judgment on the ground that plaintiff had failed to appear for duly scheduled EUOs and denied plaintiff's cross-motion.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913 [2016]; see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel [*2]Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]). 
" 'A judgment by default that has not been vacated is conclusive for res judicata purposes and encompasses the issues that were raised . . . in the prior action' " (Tracey v Deutsche Bank Natl. Trust Co., 187 AD3d 815, 817 [2020], quoting Eaddy v US Bank N.A., 180 AD3d 756, 758 [2020]; see North Val. Med., P.C. v Permanent Gen. Assur. Corp., 74 Misc 3d 127[A], 2022 NY Slip Op 50048[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
With respect to the branch of defendant's motion seeking summary judgment dismissing the sixth cause of action, defendant demonstrated that the assignor, accident date, and date of service in the Supreme Court declaratory judgment action were identical to those for the claim underlying the sixth cause of action in the instant case. Consequently, that cause of action was barred under the doctrine of res judicata by virtue of the April 18, 2019 declaratory judgment and, thus, the Civil Court properly granted the branch of defendant's motion seeking summary judgment dismissing that cause of action (see ZG Chiropractic Care, P.C. v 21st Century Ins. Co., 70 Misc 3d 138[A], 2021 NY Slip Op 50079[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Valdan Acupuncture, P.C. v Nationwide Mut. Fire Ins. Co., 64 Misc 3d 134[A], 2019 NY Slip Op 51098[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), albeit on other grounds, since a judgment in favor of plaintiff upon the sixth cause of action in this action would destroy or impair rights or interests established by the declaratory judgment (see Schuylkill Fuel Corp., 250 NY at 306-307; North Val. Med., P.C., 2022 NY Slip Op 50048[U]; ZG Chiropractic Care, P.C., 2021 NY Slip Op 50079[U]; Valdan Acupuncture, P.C., 2019 NY Slip Op 51098[U]; EBM Med. Health Care, P.C., 38 Misc 3d at 2).
Contrary to plaintiff's sole contention on appeal with respect to so much of the order as granted the branches of defendant's motion seeking summary judgment dismissing the first through fifth and seventh causes of action, the affidavit of defendant's employee was sufficient to give rise to a presumption that the EUO scheduling letters and denial of claim forms as to the claims underlying those causes of action had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Horizon P.T. Care, P.C. v State Farm Mut. Auto. Ins. Co., 78 Misc 3d 133[A], 2023 NY Slip Op 50442[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]). Thus, plaintiff has not demonstrated any basis to disturb so much of the order as granted the branches of defendant's motion seeking summary judgment dismissing those causes of action.
Accordingly, the order is affirmed.
MUNDY, J.P., OTTLEY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2023